**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: STEPHEN & MARGARET WAINWRIGHT,<br><br>Debtors. | CHAPTER 13<br>Docket No. 09-13244-JNF |
| STEPHEN & MARGARET WAINWRIGHT,<br><br>Plaintiffs<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC. and WELLS FARGO BANK, N.A., as Trustee for ABFC 2006-OPT1 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT1,<br><br>Defendants. | ADVERSARY PROCEEDING NO. 10-01151 |

**ANSWER OF AMERICAN HOME MORTGAGE SERVICING, INC.**

The defendant, American Home Mortgage Servicing, Inc. ("AHMSI") answers the complaint filed by Margaret Wainwright ("Plaintiff"), as follows:[1]

1.  AHMSI is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 1 of the Complaint.

2.  Admitted.

3.  AHMSI is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 3 of the Complaint.

---

[1] Although Stephen Wainwright is named as a plaintiff to this action in the caption of the complaint, counsel for Margaret Wainwright has informed AHMSI's counsel that Stephen Wainwright is deceased and is not a party to this litigation.

4. AHMSI admits that the Plaintiff filed a Chapter 13 bankruptcy petition on April 14, 2009 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, AHMSI admits that the real property at issue is located in Massachusetts and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, AHMSI admits that it services mortgage loans and denies the remaining allegations.

7. The allegations contained in Paragraph 7 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, AHMSI admits that it has filed a proof of claim on behalf of Wells Fargo Bank, N.A., as Trustee for ABFC 2006-OPT1 Trust, ABFC Asset-Backed Certificates, Series 2006-OPT1 ("Wells Fargo Bank, N.A., as Trustee") in the Plaintiff's underlying bankruptcy case and denies the allegation of otherwise participating in the underlying bankruptcy case.

8. The allegations contained in Paragraph 8 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, AHMSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

The Motion for Relief from Stay

9. Admitted.

10. The document Plaintiff references in Paragraph 10 of the Complaint speaks for itself.

11. AHMSI admits that the Plaintiff filed an objection to the Motion of Wells Fargo Bank, NA, as Trustee for relief from the automatic stay. AHMSI is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she timely filed an objection. The document Plaintiff references in Paragraph 11 of the Complaint speaks for itself.

   a. The Pooling and Servicing Agreement Plaintiffs reference in Paragraph 11(a) speaks for itself.

   b. The December 21, 2009 Assignment Plaintiff references in Paragraph 11(b) speaks for itself. Plaintiff's allegation that assignments cannot be back dated states a legal conclusion such that no response is required. The Pooling and Servicing Agreement referenced in Paragraph 11(b) speaks for itself, to the extent a response is required, the Plaintiffs' interpretation of the Pooling and Servicing Agreement is denied. AHMSI denies all remaining allegations of subsection (b) of the Paragraph 11 of the Plaintiff's Complaint.

   c. The Assignment Plaintiffs reference in Paragraph 11(c) speaks for itself. AHMSI admits that the Motion for Relief from the Automatic Stay did not disclose the recording date of the December 21, 2009 assignment. AHMSI denies the allegation that it did not disclose to the court the existence of a prior assignment dated September 18, 2009, because it was filed with the Court as part of Wells Fargo Bank, NA, as Trustee's Proof of Claim filed September 29, 2009. The September 18, 2009 assignment Plaintiff references in Paragraph 11(c) speaks for itself. The December 21, 2009 assignment

3

Plaintiff references in Paragraph 11(c) speaks for itself. AHMSI denies the Plaintiff's allegation regarding the probable intent of the December 21, 2009 assignment. AHMSI is without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegation that a search of the internet did not reveal any information about ADA Services Corporation. AHMSI admits that ADA Services Corporation was formerly known as Option One Mortgage Services, Inc and that Option One Mortgage Services, Inc. was the holder of the Plaintiff's mortgage. AHMSI admits that it is the current servicer of the Plaintiff's loan. AHMSI denies that ADA Services Corporation's authority to assign is open to question.

     d.    The assignment Plaintiff references in Paragraph 12(d) speaks for itself. AHMSI denies Plaintiff's allegation that Roger Kistler is not a Vice President of ADA Services. AHMSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12(d) of the Plaintiff's Complaint.

     e.    The Records of the Secretary of the Commonwealth and the December 21, 2009 assignment Plaintiff references in Paragraph 12(e) speak for the themselves. AHMSI denies that the source of Roger Kistler's authority is unknown.

     f.    The Records of the Secretary of the Commonwealth and the September 18, 2009 assignment Plaintiff references in Paragraph 12(f) speak for themselves. AHMSI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12(f) of the Plaintiff's Complaint, but denies that any assignments unrelated to the mortgage at issue in this case have any bearing on the validity of AHMSI's actions here.

34062674v1 913450 70275

12. The allegations contained in Paragraph 12 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, denied.

<u>The defendants' obligation to process Wainwright's application for a loan modification or refinancing</u>

13. The legislation and regulations Plaintiff references in Paragraph 13 of the Complaint speak for themselves.

14. The legislation and regulations Plaintiff references in Paragraph 14 of the Complaint speak for themselves.

15. AHMSI admits that Wells Fargo Bank, NA, in its capacity as Trustee of a securitized trust has been named as a defendant in this adversary proceeding. AHMSI Denies that the Movant is a recipient of Federal TARP Funds.

16. Admitted.

17. Admitted.

18. The guidelines Plaintiff references in Paragraph 18 of the Complaint speak for themselves.

19. The guidelines Plaintiff references in Paragraph 19 of the Complaint speak for themselves.

20. Denied.

21. Denied.

22. The allegations contained in Paragraph 22 of the Complaint state a legal conclusion such that no response is required. To the extent a response is required, denied.

23. AHMSI admits Margaret Wainwright requested a loan modification.

24. Denied.

25. Denied.

34062674v1 913450 70275

26. AHMSI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted because the mortgage at issue is valid and because the Plaintiff has no private right of action pursuant to the legislation relied upon in support of the claims and are not parties to the Pooling and Servicing Agreement referenced.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, ratification, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiff suffered any damages, as alleged, such damages were caused by or are attributable, in whole or in part, the Plaintiff's own acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or limited due to the Plaintiff's failure to comply with and/or their breach of the terms, conditions, and limitations of the Mortgage and/or Note.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is precluded from recovery based upon the principal of assumption of risk.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims fail for lack of standing to sue.

34062674v1 913450 70275

### SEVENTH AFFIRMATIVE DEFENSE

AHMSI affirmatively pleads that the Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8.

### EIGHTH AFFIRMATIVE DEFENSE

Wells Fargo has not caused Plaintiff to suffer any cognizable damages.

### NINTH AFFIRMATIVE DEFENSE

Wells Fargo is not liable for any of Plaintiff's claims because Wells Fargo's conduct and disclosures at all times complied and were made in good faith conformity with all applicable laws, rules, regulations and contracts at issue.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the applicable statute of limitations.

WHEREFORE, the defendant American Home Mortgage Servicing, Inc. respectfully requests that this Court enter judgment in its favor and against the Plaintiffs, along with such other relief as the Court deems just and proper.

Respectfully submitted,

AMERICAN HOME MORTGAGE SERVICING, INC.

By its Attorneys,

*/s/ Maura K. McKelvey*
Maura K. McKelvey, # 660760
Samuel C. Bodurtha, # 665755
HINSHAW & CULBERTSON LLP
One International Place, 3rd Floor
Boston, MA 02110
617-213-7000
617-213-7001 (facsimile)

Dated: August 5, 2010

34062674v1 913450 70275

## CERTIFICATE OF SERVICE

    I, Maura K. McKelvey, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 5, 2010.

                                            */s/ Maura K. McKelvey*
                                            Maura K. McKelvey

34062674v1 913450 70275